ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICHARD CHARLES BROWN WOOD Y OTROS<br><br>Recurrida<br><br>v.<br><br>COSTA ISABELA PARTNERS, INC. Y OTROS<br><br>Peticionaria | KLCE202400850 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre: Difamación, Libelo, Calumnia, Invasión a la Privacidad, Violación de Derechos Civiles, Daños y Perjuicios<br><br>Caso Número: AG2021CV01546 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Ortiz Flores y la Juez Martínez Cordero

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de agosto de 2024.

La parte peticionaria, Costa Isabela LLC, comparece ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Aguadilla, el 3 de julio de 2024. Mediante la misma, el foro primario denegó una solicitud para levantar anotación de rebeldía promovida por la parte peticionaria, todo dentro de una demanda sobre difamación, libelo, calumnia, violación a derechos civiles y daños y perjuicios incoada por los recurridos, el señor Richard C. Brown Wood y la señora Maricarmen Gianati Medina.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

### I

El 19 de diciembre de 2021 se presentó la demanda de epígrafe. Tras ciertos trámites, y atinente al asunto que atendemos, el Tribunal de Primera Instancia anotó la rebeldía de la entidad aquí

Número Identificador

RES2024_____

peticionaria. Al percatarse, el 1 de julio de 2024, esta presentó una *Moción Solicitando que se Deje sin Efecto la Anotación de Rebeldía contra Costa Isabella LLC y/o Reconsideración.* Considerada la misma el 3 de julio de 2024, el foro de origen, mediante *Resolución* a los efectos, declaró *No Ha Lugar* la referida solicitud. Inconforme, el 18 de julio de 2024, la parte peticionaria presentó una *Moción en Solicitud de Reconsideración de Resolución de 3 de julio de 2024 en Torno a Anotación de Rebeldía contra Costa Isabela LLC.*

Aún pendiente de adjudicación la solicitud de reconsideración de referencia[1], el 2 de agosto de 2024, la parte peticionaria compareció ante nos mediante el recurso de *certiorari* de epígrafe. En el mismo, impugnó la denegatoria a su solicitud para levantar la rebeldía que se anotó en cuanto a su persona.

Más tarde, la parte peticionaria presentó ante nos un escrito intitulado *Moción Informativa sobre Resolución Emitida por el Tribunal de Primera Instancia Posterior a la Presentación de Petición de Certiorari.* En el pliego, expone que, mediante *Resolución* notificada el 5 de agosto de 2024, el Tribunal de Primera Instancia dispuso de la solicitud de reconsideración pendiente, ello a los efectos de levantar la anotación de rebeldía en controversia. La parte peticionaria acompañó su moción con copia del referido dictamen.

Procedemos a expresarnos de conformidad con el trámite procesal del recurso de autos.

**II**

La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o

---

[1] Véase: *Petición de Certiorari,* pág. 8.

que quede sujeto a una mayor evaluación. *Caro v. Cardona*, 158 DPR 592, 597 (2003). De este modo, los foros judiciales tienen la facultad de reconsiderar sus dictámenes, siempre que ostenten jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

A tenor con la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una *orden* o *resolución* emitida por el Tribunal de Primera Instancia puede servirse del término de quince (15) días desde la fecha de notificación de la misma, para solicitar su correspondiente reconsideración, mediante moción a tal fin. El referido plazo es uno de cumplimiento estricto. Ahora bien, en cuanto a la implicación procesal de una oportuna moción de reconsideración el referido estatuto dispone como sigue:

> [...]
>
> Una vez presentada la moción de reconsideración, **quedarán interrumpidos los términos para recurrir en alzada para todas las partes.** Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
> [...].
>
> 32 LPRA Ap. V, R. 47. (Énfasis nuestro).

**B**

Por su parte, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *SLG. Solá Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones

relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 299 (2022). Un recurso en alzada que se presenta antes de tiempo no produce efecto jurídico alguno, puesto que no existe autoridad judicial para acogerlo. *Íd.*

De otro lado, en materia de derecho apelativo, y conforme al ordenamiento procesal vigente, la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b), establece que los recursos de *certiorari* sometidos a la consideración del Tribunal de Apelaciones para revisar resoluciones u órdenes emitidas por el Tribunal de Primera Instancia, deberán ser presentados dentro del término de treinta (30) días a partir de la fecha de notificación de la resolución u orden recurrida. Por su parte, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D), establece igual periodo para la formalización de dicho recurso.

**III**

Siendo prematura la causa de epígrafe, estamos impedidos de entender sobre sus méritos. La parte peticionaria recurre de una determinación notificada el 3 de julio de 2024, en virtud de la cual

el Tribunal de Primera Instancia denegó una solicitud para que se dejara sin efecto la anotación de rebeldía efectuada en su contra. Respecto a dicha determinación, y por estar en desacuerdo, el 18 de julio de 2024, presentó una solicitud de reconsideración respecto a lo resuelto, acto que, a tenor con la norma antes esbozada, tuvo un efecto interruptor sobre los procedimientos.

No empece a lo anterior, y, conforme surge del recurso de autos, con pleno conocimiento de la pendencia de la adjudicación de la reconsideración en controversia, el 2 de agosto de 2024, la parte peticionaria, presentó el auto que nos ocupa. Ciertamente, toda vez que, a dicha fecha, el Tribunal de Primera Instancia, no había atendido la reconsideración en disputa, su comparecencia ante nos constituyó un llamado anticipado al ejercicio de nuestras funciones revisoras revestido de ineficacia jurídica. Siendo así, forzoso es concluir que el recurso de *certiorari* de epígrafe es uno prematuro, condición que nos impide entender sobre sus méritos. De este modo, únicamente podemos desestimarlo por falta de jurisdicción.

Ahora bien, destacamos que, dado a que, conforme la propia parte peticionaria demostró ante nos, el Tribunal de Primera Instancia atendió la solicitud de reconsideración que presentó respecto a la denegatoria en cuanto a levantar la anotación de rebeldía. Como resultado, proveyó conforme a ello. Por tanto, toda vez lo anterior, el asunto propuesto en el recurso de autos se tornó académico.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones